IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:07CR31 |
| vs. | |
| PATRICK PINKNEY, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the court on the defendant's motion for a reduction of sentence (Filing No. 55). He seeks a reduction under the retroactive sentencing Guidelines amendments promulgated pursuant to the Fair Sentencing Act, (FSA) Pub. L. 111–220, 124 Stat. 2372 (2010). The FSA changed the threshold quantity of crack cocaine required by § 841(b)(1)(A) that triggers a mandatory minimum sentence. *See id.* Defense counsel was appointed and requested that the court defer ruling on the motion pending counsel's determination whether the Supreme Court's decision in *Dorsey v. United States,* 132 S. Ct. 2321, 2335 (2012), would support a sentence reduction. Filing Nos. 61 and 63. Several extensions were granted and the time for response has passed. See Filing Nos. 62 and 64.

Pursuant to a plea agreement, the defendant was convicted of conspiracy to distribute and possess with intent to distribute more than 50 grams of cocaine base. Filing No. 39, Amended Judgment; Filing No. 15, Plea Agreement. In the plea agreement, the government agreed not to file an information under 21 U.S.C. § 851 and the defendant agreed that he should be classified as criminal history category VI. Filing

No. 15, Plea Agreement at 1-2.  Further, the plea agreement indicated that the parties contemplated cooperation by the defendant.  *Id.* at 2-3.

At the time he was sentenced, Pinkney's offense carried a statutory penalty range of 10 years to life imprisonment.  21 U.S.C. § 841(b)(1) (2007).  Pinkney was originally sentenced to the low end of the Guidelines range at total offense level 34 and criminal history category VI—262 months imprisonment.  Filing No. 39, Amended Judgment.  He later received a sentence reduction to 144 months pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e).  Filing No. 53, Amended Judgment.

The record shows that Pinkney was sentenced as a career offender.  Filing No. 40, Presentence Investigation Report (Sealed) at 7.  Career offenders are ineligible for sentence reductions under 18 U.S.C. § 3582(c)(2).  *See, e.g., United States v. Tingle*, 524 F.3d 839, 840 (8th Cir. 2008).  In *Dorsey v. United States*, the Supreme Court held that the more lenient penalties of the Fair Sentencing Act applied to those offenders whose crimes preceded the effective date of the Act, but who were sentenced after that date.  *Dorsey,* 132 S. Ct. at 2335.  Pinkney is not entitled to relief under *Dorsey* because his offense and sentencing long predated the enactment of the FSA.  The Supreme Court has also held that "a sentence is 'based on' a lowered guideline if that guideline served 'as the basis or foundation for the term of imprisonment.'"  *Freeman v. United States*, 131 S. Ct. 2685, 2695 (2011) (finding that a Rule 11(c)(1)(C) sentence may be reduced under 18 U.S.C. § 3582(c)(2)).

The Eighth Circuit Court of Appeals has rejected the argument that the Supreme Court's *Freeman* decision effectively overrules the Eighth Circuit's previous cases holding that career offenders are ineligible for sentence reductions under 18 U.S.C.

§ 3582(c)(2).  See United States v. Harris, 688 F.3d 950, 955 (8th Cir. 2012).  In the Eighth Circuit, a defendant sentenced under the career offender guidelines is not eligible for a sentence reduction under § 3582(c)(2) based on the Fair Sentencing Act and Guidelines amendments promulgated thereunder.  Id.  A career offender's sentence is not "based on the crack-cocaine guidelines but, rather, on the applicable career-offender range."  Id. (finding that Freeman has no application to a career offender's sentence); see also U.S.S.G. § 1B1.10 cmt. n. 1(A); United States v. Bonds, 468 Fed. App'x 620, 620 (7th Cir. 2012) ("Freeman has nothing to do with how retroactive amendments affect career offenders.").

Under Eighth Circuit precedent, the court finds that Pinkney is not entitled to a sentence reduction under § 3582(c)(2).  Pinkney's sentence was based on the career offender Guidelines, and not the drug quantity Guidelines.

The court notes that even if the FSA were applied, Pinkney would not receive a shorter sentence.  The drug quantity attributable to the defendant is 1.8 kilograms of crack cocaine.  Filing No. 40, PSR at 5.  Pinkney was assessed seven criminal history points and, had he not been a career offender, would have been in criminal history category IV.  Under the 2011 Guidelines, distribution of between 840 grams and 2.8 kilograms of cocaine base at criminal history category IV would result in base offense level 34, less 3 levels for acceptance of responsibility, for a total offense level of 31.  Accordingly, even if the defendant were sentenced under the FSA and the 2011 Guidelines, and not as a career offender, his sentencing range would be 151-188 months.  His 144-month sentence is shorter than the sentence provided under the FSA

and Pinkney would not be entitled to relief. Further, the court is not persuaded that a lower sentence would be appropriate in any event. Accordingly,

IT IS ORDERED that the defendant's motion for a reduction of sentence, Filing No. 55, is denied.

Dated this 25th day of April, 2013.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge