IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:07CR31 |
| v. | ORDER |
| PATRICK PINKNEY | |
| Defendant. | |

This matter is before the court on the Federal Public Defender's motion to withdraw. Filing No. 71. On September 23, 2015, the Federal Public Defender for the District of Nebraska filed an appearance on the defendant's behalf. Filing No. 70. After review of the defendant's case, the Federal Public Defender notified the court that because the defendant was sentenced as a career offender, he is not eligible for a sentencing reduction under Amendment 782. See Filing No. 71. Counsel further represented that a motion under 18 U.S.C. § 3582(c) would not be appropriate. Id. The United States Probation Office has filed a retroactive sentencing worksheet that confirms the defendant's ineligibility for the reduction under Amendment 782. Filing No. 67 (restricted).

The United States Sentencing Commission recently revised the United States Sentencing Guidelines ("USSG") applicable to drug trafficking offenses by changing how the base offense levels in the drug quantity tables incorporate the statutory mandatory minimum penalties for such offenses. Amendment 782 (sometimes called the "drugs minus two" or the "2014 drug guidelines amendment") reduces offense levels

assigned in the Drug Quantity Table by two levels, resulting in lower guideline ranges for many drug trafficking offenses. *See Federal Register Notice of Final Action Regarding Amendment to Policy Statement §1B1.10*, Effective November 1, 2014, 79 Fed. Reg. 25996 (May 6, 2014); available at www.ussc.gov. http://www.ussc.gov/amendment-process/federal-register-notices. The proposed amendment went into effect on November 1, 2014. *Id.*

The court is statutorily precluded from applying a federal sentencing guideline amendment retroactively unless the United States Sentencing Commission designates an amendment for retroactive application. 18 U.S.C. § 3582(c)(2); *United States v. Auman*, 8 F.3d 1268, 1271 (8th Cir. 1993) ("Section 3582(c)(2) is a provision that permits a district court to reduce a term of imprisonment if the sentencing range upon which the term was based is subsequently lowered by the Sentencing Commission."). The Sentencing Commission has given retroactive effect to the amendment. *Id.* at 1; *see* U.S.S.G. 1B1.10.

The court is unable to rely on Amendment 782 to reduce the defendant's sentence under 18 U.S.C. § 3582(c)(2) and USSG § 1B1.10. Because the court sentenced the defendant as a career offender under U.S.S.G. § 4B1.1, Amendment 782, which modified the drug quantity provision, does not impact the defendant's guideline range. *See United States v. Reeves*, 717 F.3d 647, 649–50 (8th Cir. 2013) (discussing eligibility for a reduced sentence under amendments 750 and 759 in light of career offender status); *United States v. Harris*, 688 F.3d 950, 953 (8th Cir. 2012) (explaining current precedent for those sentenced under USSG § 4B1.1).

Accordingly,

1.  The Federal Public Defender's motion to withdraw, (Filing No. 71) is granted.

2.  David Stickman and the Office of the Federal Public Defender are deemed withdrawn from further representation as to defendant Patrick Pinkney.

DATED this 13th day of October, 2015.

BY THE COURT:

s/Joseph F. Bataillon
Senior United States District Judge